UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20174-CR-COOKE/BROWN

UNITED STATES OF AMERICA,

    Plaintiff(s),

vs.

JUDE CLERMONT,

    Defendant(s).
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court upon the Defendant's motion to suppress (D.E. 18). The Court has reviewed the Motion and the Response. Additionally, an evidentiary hearing was held on June 5, 2007 at which this Court made certain findings of fact and conclusions of law. The transcript of that hearing is adopted by reference herein.

### Facts and Discussion

Defendant moves to suppress guns seized from this car, as well as statements made to police, on the grounds that the police did not have probable cause to arrest him. The test is whether the officers had, at the time of the arrest, knowledge of facts and circumstances "sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 113 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1983)). A law enforcement officer may arrest an individual without a warrant in a public place if there is probable cause to believe that a felony has been committed. United States v. Goddard, 312 F.3d 1360, 1362 (11th Cir. 2002).

As announced at the hearing, the Court finds, based on the uncontroverted testimony of Miami Shores Police Detective John Gonzalez, that law enforcement officers did have probable cause

to arrest Defendant without a warrant. Officers were aware that Defendant's fingerprints were found on outside glass of a bathroom window of a home that had been burglarized, and that this was the point of entry. The day after the burglary, Defendant was observed driving a blue vehicle, which matched the "dark blue" description given by an eye witness to the incident.[1]

The Court further finds that officers initially conduced a valid <u>Terry</u> stop [2] of the Defendant, at which time they noticed, in open view in the back seat of the vehicle, a computer which had been taken from the home. The Court finds that Defendant was not arrested until after that evidence, which clearly supported a finding of probable cause, was located.[3] However, even if an arrest had occurred prior to the discovery of the computer, the Court finds that officers had probable cause to arrest Defendant based on the fingerprint and vehicle evidence alone.

## Recommendation

The parties may file written objections, if any, to this this Report and Recommendation with the Honorable Donald L. Graham, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 958 (1988).[4]

**DONE AND ORDERED** this 6th day of June, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

---

[1] Defendant also had received a ticket while driving that vehicle on the day of the burglary.

[2] Law enforcement officers may briefly detain a person for an investigatory stop if they have a reasonable, articulable suspicion based on objective facts that the person has engaged, or is about to engage, in criminal activity. <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

[3] Detective Gonzalez testified that at the time he arrived on the scene, prior to his observation of the computer, other officers had Defendant out of the vehicle, in "custody." However, there was no evidence which would indicate that at that time, officers were using anything more than "brief, minimally intrusive investigation technique[s]" appropriate under <u>Terry</u>. <u>See</u> <u>United States v. Acosta</u>, 363 F.3d 1141, 1146 (11th Cir. 2004) (quoting <u>United States v. Hardy</u>, 855 F.2d 753, 759 (11th Cir. 1988)).

[4] Defense counsel indicated that objections would be filed by the close of business on June 6, 2007.